[CHAMBERSBURG, OCTOBER 31, 1828.]

**FICKES, with notice to MYERS and DEARDOFF, *against* ERSICK and another.**

### IN ERROR.

If neither the levy on land, by virtue of an execution, nor the sale, nor deed, is made subject to any encumbrance, no loose talk among the bystanders at the sale, no whispers or insinuations by strangers, can affect the land, in opposition to the record, and the acts and declarations of the sheriff at the time of sale, unless in cases of fraud.

*Query,* whether, if land is levied on and sold, expressly subject to an encumbrance, it is good.

*It seems,* either the plaintiff or defendant may have such levy or sale set aside.

Where land is mortgaged to secure an annual instalment, a *Scire Facias* cannot issue as each instalment becomes due: the party must bring ejectment, or proceed on his accompanying bond.

*Query,* whether a mortgage to secure an annual sum during life, is necessarily a lien, subject to which the land must be sold on a *Scire Facias.*

WRIT of error to the Court of Common Pleas of *Adams* county.

The opinion of the court was delivered by

HUSTON, J.—This was a *Scire Facias* on a mortgage, sued by *Sophia Ersick* against *Fickes,* the mortgagor, and the other defendants, terretenants.   *Fickes* appeared, and confessed judgment. The two defendants appeared, and pleaded, that they had purchased the land sold by the sheriff of *Adams* county on an execution on certain judgments against *Fickes,* and paid their money, and held the land clear of all encumbrances.

The plaintiff was permitted to prove certain conversations which took place at a time previous to the sale, when this land was up for sale; and also, some talk among the bidders at the sale, from which it might be inferred, the defendants thought, or suspected, they were buying, subject to this mortgage.   And the defendants

(Fickes, with notice to Myers and Deardoff, *v.* Ersick and another.)

offered to prove, that in fact, they had consulted counsel, and knew, or believed they did not purchase subject to the mortgage. Clearly, if the evidence on the part of the plaintiff was legal, the defendants might rebut it. In this case, both sheriff and crier proved, that it was sold absolutely, and no mention made of any lien or encumbrance: That *Abraham Fickes,* the mortgagor, requested the sheriff to have it cried subject to the mortgage, but this was flatly refused.    And, we are all of opinion, that if the levy is not subject to any mortgage, or encumbrance, the sale is not expressly subject to encumbrance, and the deed is not, that no loose talk among the by-standers, no whispers or insinuations from strangers, can affect the land, in opposition to the record, and the acts and declarations of the sheriff at the sale.    Cases of fraud in a bidder, in circulating matters calculated to deter others, may be exceptions.    Generally, by the laws of this state, a purchaser at sheriff's sale takes the land clear of all encumbrances, of what kind or nature soever, (ground rents in fee, and certain cases provided by act of assembly excepted.)    It seems to be understood, however, that if it is levied on and sold, and conveyed, expressly subject to some specific lien, it may be held subject to such lien.    I would not agree even to this. I would say, the law sells it, and directs how it shall be sold, and no one has power to alter this; and clearly, if either the plaintiff or defendant ask it, the court must set aside a levy or sale, subject to encumbrances; either may have a sale, according to law.

The associate judges overruled the opinion of the President, and directed the jury they might find for the plaintiff.    Now the instalment sued for was due some months before the sheriff's sale, and most clearly was no lien; but further, the act of assembly is express, that a *Scire Facias* on the mortgage, shall only issue after one year from the time the money is due on the mortgage.    Here, the mortgage for two hundred and fifty pounds was to secure to *S. Ersick* fourteen pounds nineteen shillings and four pence per year, during her life.    It never has been supposed, a mortgage can be sued as each instalment falls due.    The suit by *Scire Facias* puts an end to the security, and sells the whole estate.    But Mrs. *Ersick* was not without a remedy; she might sue on the bond which accompanied the mortgage; or she might have brought ejectment, and, if her mortgage was still a lien, recover, and hold possession to pay herself.    There was, then, error in saying the *Scire Facias* could be supported at all.

A matter was discussed, which does not appear on the record; viz. Whether this encumbrance, being a mortgage to secure a certain sum annually to Mrs. *Ersick,* during her life, was not necessarily a lien, subject to which the land must be sold, and continue during her life.    On this subject the *court* give no opinion; for myself, I have one.    The policy of our laws, and the welfare of debtors and creditors, require, that sales should be untrammelled. In *England,* the judges have been astute to get clear even of acts

(Fickes, with notice to Myers and Deardoff, *v.* Ersick and another.)

of parliament, restraining free alienation, and it is not easy to find a reason to justify a court in encouraging devices to perpetuate encumbrances.

Judgment reversed.